COSTON *v.* PAIN *et al.*

*(Circuit Court, S. D. New York.   July 7, 1891.)*

PATENTS FOR INVENTIONS—PATENTABLE INVENTION—PYROTECHNIC SIGNAL.
    The first claim of letters patent No. 237,092, issued February 1, 1881, to William
    F. Coston, for a pyrotechnic signal, having one or more colored lights arranged to
    burn and be exhibited from the hand, or at the surface, with one or more aerial
    signal lights arranged to be thrown into the air, and exhibited while aloft, is void
    for want of patentable invention.

In Equity.
*Walter K. Griffin*, for plaintiff.
*Francis Forbes*, for defendant Pain.
*Walter D. Edmonds*, for defendants C. H. Mallory & Co.

SHIPMAN, J.   This is a bill in equity which is based upon the alleged
infringement of letters patent No. 237,092, dated February 1, 1881, to
William F. Coston, assignor to the plaintiff, for an improved pyrotech-
nic signal.   The specification says that—

"The invention consists in the combination of one or more colored lights,
arranged to be exhibited or burned on the vessel's deck or from the ground,
with one or more colored stars, to be shot up into the air and burned while
aloft,"

—And also in the novel construction of divers parts of the mechanism
of the signal.   The claims are six in number.   The first, which is the
only one said to have been infringed, is as follows:

"(1) A pyrotechnic signal, having one or more colored lights arranged to
burn and be exhibited from the hand or at the surface, with one or more
aerial signal lights, arranged to be thrown into the air and exhibited while
aloft."

The patentee in his specification defines the term "colored light" as
follows:

"It will be understood that by the term ' colored light ' is meant a light
which presents a positive color other than and different from the light which
is produced by the burning of the mealed powder, niter, etc., ordinarily used
in Roman candles, and similar pyrotechnics."

The other claims are for various mechanical parts of the signal, which
were not infringed.   The defendant Pain's signal is an infringement of
the first claim.   Various defenses were interposed, but I shall consider
only the patentability of the first claim, in view of the state of the art
at the date of the invention.   For many years, Coston's pyrotechnic
stationary night signals had been extensively used at the life-saving
stations of this country, and on board lines of ocean steamers.   The
signal is partially described in letters patent No. 23,529, dated April 5,
1859, to G. A. Lilliendahl, assignor to the plaintiff, and No. 115,935,
dated June 13, 1871, to the plaintiff.   It was, in general terms, a fire-
work, to be held in the hand, and to be burned on the vessel's deck,
and consisted in the combination of one or more colored lights, which
were successively ignited.   The "positive color" which is spoken of in

the patent in suit was also used in these signals. Different lines of steamers adopted, each for itself, a special arrangement of colored lights, which was made known to the other lines and to the life-saving service. These signals were stationary; that is, the composition of which they were made was not projected to a distance in the air. Letters patent No. 175,359, dated March 28, 1876, were issued to Edward F. Linton for a pyrotechnic signal, designed to be an improvement upon the Coston signal, which consisted of a fire-work, to be held in the hand, and from which, when ignited, colored signal balls were projected into the air in accordance with what the patentee says is the "well-known principle of the Roman candle." In the signal of the patent in suit, the successive stationary lights of the old Coston signal are first displayed, and afterwards the aerial balls or stars of the Linton signal or of the Roman candle are discharged and burned in the air. The main object of the invention was to add something to the Coston successive stationary colored lights, and thus materially enlarge the number of signals, so as to supply the demands of individual ship-owners for distinguishing signals. The mechanical difficulties in the way of carrying out the conception of the new signal were such as the skilled mechanic in fireworks could surmount. I can see nothing of inventive thought in the original idea, and nothing of patentable invention in the embodiment, irrespective of novel means of construction, of the idea of adding to the old Coston signal, the aerial signal of Linton, or of the Roman candle. Such a signal, however constructed, is the thing which is described in the first claim of the patent in suit; for it is admitted that the claim is for the described compound signal, irrespective of the mechanism which may be employed. The conception of the addition of the well-known aerial balls or stars to the stationary Coston light, for the purpose of varying or enlarging the number of signals, or of improving the method of signaling, was a perfectly natural one to the maker of fire-works, and the means by which the idea could be successfully carried into practice were well known, and could be applied without serious difficulty. The particular means by which Coston carried out the idea and which are described in the five original claims of the patent may be both novel and patentable, but they are not used by the defendants. The bill is dismissed.